**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

|  |  |
|---|---|
| **VERGES ANDERSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | **CIVIL ACTION NO. 6:25-CV-01533** |
| **Plaintiff,** | **DISTRICT JUDGE:** **DAVID C. JOSEPH** |
| **v.** | **MAGISTRATE JUDGE:** **CAROL B. WHITEHURST** |
| **NEW DAY PERSONAL CARE SERVICES, INC.** **Defendant** | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE**
**TEMPORARY STAY OF PROCEEDINGS**

On December 19, 2025, New Day filed a Motion for a Temporary Stay of Proceedings in this matter pending the conclusion of the Department of Labor's ("DOL") rulemaking entitled *Application of the Fair Labor Standards Act to Domestic Service*, 90 Fed. Reg. 28,976 (July 2, 2025) ("Proposed Rule").[4]  This Court granted New Day's Motion in part by Order dated May 14, 2026 and stayed all deadlines and proceedings in this case through June 12, 2026.[5]  Because the reasons supporting the issuance of the stay remain applicable, New Day requests that this Court continue the stay until the Proposed Rule is either finalized or abandoned.  In the alternative, should the Court decline to continue the stay of these proceedings on this basis, New Day requests that

---

[4] Rec. Doc. 15.
[5] Rec. Doc. 33.

3

discovery in this matter be stayed until the validity of the DOL's 2013 Rule is resolved through dispositive motion practice in New Day's first-filed pending pre-enforcement action against the Secretary of Labor, *New Day Personal Care Services, Inc v. Julie A. Su et al*, Case No. 6:25-cv-0075 (W.D. La. filed Jan. 17, 2025).

As detailed in New Day's Motion, the FLSA requires covered employers to pay employees overtime pay for any hours worked in excess of forty hours per week.  29 U.S.C. § 207(a)(1), (*l*). However, the FLSA contains certain exemptions to the overtime requirements, including an exemption for "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)[.]"  29 U.S.C. § 213(a)(15).

In 1975, the DOL promulgated a rule that interpreted this exemption to apply to employees who are employed by an employer or agency other than the family or household using their services. 40 Fed. Reg. 7,405 (Feb. 20, 1975).  In 2013, after decades of this interpretation, the DOL issued a "pen-and-phone" rule that replaced the 1975 rule and provided that third parties, such as home-care agencies, could not avail themselves of the Section 13(a)(15) exemption unless they were members of the same family or household as the individual receiving the services.  78 Fed. Reg. 60,454, 60,557 (Oct. 1, 2013) (codified at 29 C.F.R. § 552.109).

In 2024, the DOL audited New Day and claimed that New Day had violated the FLSA by failing to pay overtime to certain home-care providers.  The DOL's claim was based on the 2013 Rule.  On January 17, 2025, New Day filed a pre-enforcement action against the DOL challenging the 2013 Rule.  *See* Complaint, *New Day v. Chavez-Deremer*, Case No. 6:25-cv-00075 (W.D. La.), ECF No. 1.

4

Following the initiation of the pre-enforcement action by New Day, the DOL issued its Proposed Rule, which would return to the 1975 interpretation of Section 13(a)(15) and, specifically, would restore the ability of third-party employers (including home care staffing agencies like New Day) to claim the FLSA's section 13(a)(15) companionship services exemption. 90 Fed. Reg. at 28,980. As a result of the Proposed Rule, the Court in New Day's pre-enforcement action granted a stay of that matter pending the ongoing rulemaking. *New Day Personal Care Services, Inc. v. Chavez-Deremer*, No. 6:25-cv-00075 (W.D. La.), ECF No. 22.

Subsequently, in October 2025, Plaintiff filed this action against New Day. Plaintiff is a former worker of New Day who claims entitlement to overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiff's claim for overtime is based, at least in part, on the interpretation of the Section 13(a)(15) exemption under the 2013 Rule, which is the subject of challenge in New Day's pre-enforcement action, and which would be replaced by the Proposed Rule, if finalized.

As a result of this procedural history and the fact that finalization of the Proposed Rule would resolve, or significantly limit, Plaintiff's claims, in December 2025, New Day filed its Motion to stay the proceedings in this matter, pending the outcome of the rulemaking for the Proposed Rule. On May 14, 2026, this Court granted New Day's Motion in part, staying this matter through June 12, 2026. At this time, the Proposed Rule is still in progress and has not been finalized (nor has it been abandoned). It remains listed on the DOL's Rule List in the Proposed Rule stage.[6]

---

[6] https://www.reginfo.gov/public/do/eAgendaMain?operation=OPERATION_GET_AGENCY_RULE_LIST&current Pub=true&agencyCode=&showStage=active&agencyCd=1200&csrf_token=5F4930B9AF7831BB5A55212909F77 A30B6D1CD99A59D3A9EDB0DC20E0CAE6DAC320BBFE06B068F6C38C81EFBEB226F278DD7

5

Because the reasons warranting the initial granting of the stay in this matter are still present, New Day requests that this Court continue the stay until the Proposed Rule is finalized or abandoned.  In the alternative, even if the Proposed Rule is not yet finalized, New Day should be permitted to pursue its pre-enforcement action against the DOL, which could independently result in nullification of the 2013 Rule, prior to Plaintiff's action proceeding.  New Day agreed that a stay of its pre-enforcement action made sense, and conserved the parties' and the Court's resources given the DOL's stated intention (through its Notice of Proposed Rulemaking) to rescind the 2013 Rule.  However, it would be patently unfair to allow the Plaintiff's claims in this litigation to proceed in substantial reliance on the 2013 Rule without first resolving its legal validity, given that New Day's pre-enforcement action against the Secretary predated the Plaintiffs' lawsuit in this action by nine months.  Resolution of the validity of the 2013 Rule will significantly impact the legal merits of the Plaintiffs' claims in this proceeding and will also determine the necessity and scope of permissible discovery in this action.

Accordingly, New Day prays that this Court grant this Motion to Continue Temporary Stay and stay this matter until the Proposed Rule is finalized or abandoned.  Should the Court not be inclined to stay the case on this basis, New Day respectfully requests that discovery in this proceeding be stayed until such time as the validity of the DOL's 2013 Rule is determined by the Court through dispositive motion practice in the pre-enforcement action.

Respectfully submitted,

/s/David Whitaker
DAVID WHITAKER (#21149)
Email: david.whitaker@keanmiller.com
ZOE W. VERMEULEN (#34804)
Email: zoe.vermeulen@keanmiller.com
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051

**Counsel for Defendant**
**New Day Personal Care Services, Inc.**